UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,
#301631,

    Petitioner,                                          Civil Action No. 20-CV-10151

vs.                                                HON. BERNARD A. FRIEDMAN

SCOTT YOKUM,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

        Petitioner is a Michigan prisoner who has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c, and one count of kidnapping, Mich. Comp. Laws § 750.349. For the reasons stated below, the Court shall dismiss the petition for a writ of habeas corpus without prejudice and decline to issue a certificate of appealability or leave to proceed on appeal in forma pauperis.

**I. Background**

        Petitioner was convicted of the above charges in Wayne County Circuit Court. On April 23, 2019, petitioner was sentenced to forty-five to eighty years in prison on the first-degree criminal sexual conduct convictions, twelve to thirty years in prison on the second-degree criminal sexual conduct convictions, and life in prison on the kidnapping conviction. Petitioner filed an appeal of right through counsel with the Michigan Court of Appeals, and that appeal remains

pending. *See People v. Solomon*, No. 349015 (Mich. Ct. App.). There is no indication that the Michigan Court of Appeals has rendered a decision in that case or that petitioner has appealed his case to the Michigan Supreme Court. Petitioner now seeks a writ of habeas corpus.

## II. Discussion

The Court shall dismiss the instant petition without prejudice because petitioner has not exhausted his claims with the state courts. A prisoner who seeks federal habeas relief must first exhaust his available state court remedies. 28 U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). To fulfill this exhaustion requirement, "[a] petitioner must present each ground to both appellate courts, even if the state's highest court only provides discretionary appellate review." *Regan v. Hoffner*, 209 F. Supp. 2d 703, 710 n.3 (E.D. Mich. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999)). Therefore, a Michigan prisoner is required to present his claims to both the Michigan Court of Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)).

A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies." *Morris v. Klee*, No. 2:16-CV-12531, 2016 WL 4011265, at *1 (E.D. Mich. July 27, 2016) (internal citation omitted). A federal district court should generally dismiss a habeas petition that contains any unexhausted claims. *Regan*, 209 F. Supp. 2d at 710 n.3 (citing *Rose v. Lundy*, 455 U.S. 509 (1982), and *Rust*, 17 F.3d at 155); *Pliler v. Ford*, 542 U.S. 225, 230 (2004). The failure to exhaust state court remedies may be raised sua sponte by a federal court. *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

The instant petition is subject to dismissal because petitioner has failed to establish that he has exhausted his state court remedies. It appears that petitioner's appeal is still pending before the Michigan Court of Appeals, and there is no indication that any decision has been rendered by that court or that petitioner has sought relief with the Michigan Supreme Court. Because petitioner has not presented his claims to the Michigan Court of Appeals and the Michigan Supreme Court, his claims remain unexhausted. *See Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner seems to argue in his lengthy petition that he has exhausted his claims because he filed a state petition for a writ of habeas corpus with the Michigan Court of Appeals and again with the Michigan Supreme Court [docket entry 1, PageID.12-13; docket entry 1-9, PageID.693-709]. But petitioner's challenge to his conviction by filing a state habeas action does not satisfy the exhaustion requirement. Mich. Comp. Laws § 600.4310(3) states that a habeas action may not be brought by or on behalf of "[p]ersons convicted, or in execution, upon legal process, civil or criminal." "This statutory prohibition is generally consonant with often repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction." *People v. Price*, 179 N.W.2d 177, 180 (Mich. Ct. App. 1970) (footnotes omitted). This policy of limiting habeas proceedings in Michigan is "premised on the concern that such an action may be abused and substituted for normal appellate proceedings." *Walls v. Dir. of Institutional Servs. Maxie Boy's Training School*, 269 N.W.2d 599, 601 (Mich. Ct. App. 1978). Because Mich. Comp. Laws § 600.4310(3) does not allow the use of a state habeas action to challenge the legality of a conviction, petitioner did not satisfy the exhaustion requirement by challenging his conviction through a state habeas action. *See Nabors*

*v. Warden*, U.S. Penitentiary at Lewisburg, Pa., No. 87-1918, 1988 WL 50635, at *1 (6th Cir. May 23, 1988).

Although a district court can stay a habeas petition to allow the petitioner to present his unexhausted claims to the state court, *see Rhines v. Weber*, 544 U.S. 269 (2005), a stay of the petition would be inappropriate in this matter because the petition was filed with the Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one-year limitations period has yet to begin running, petitioner would not be prejudiced if his habeas petition is dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

The Court shall also deny a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). When a district court denies a habeas petition on procedural grounds without addressing the prisoner's underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

4

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further," and "[i]n such a circumstance, no appeal would be warranted." *Id.*

The Court shall decline to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court shall likewise deny petitioner leave to proceed on appeal in forma pauperis because the appeal would be frivolous. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

**III. Conclusion**

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed on appeal in forma pauperis are denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: March 31, 2020
Detroit, Michigan